UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES BAKER, | CASE NO. C08-0565-JCC |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| HOWARD ANDERSON, et al., | |
| Defendants. | |

INTRODUCTION

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. He alleges defendants – former Department of Corrections (DOC) Secretary Harold Clarke, Chief Classification for DOC Jean Stewart, and Associate Superintendent of Washington State Reformatory (WSR) Howard Anderson – failed to protect him from an attack by another inmate, resulting in a violation of his Eighth Amendment rights. Defendants filed a motion for summary judgment (Dkt. 38), to which plaintiff objects (Dkt. 39). Plaintiff also requests that the remaining court filing fees in this case be waived. (Dkt. 41.) Now, having considered all documents filed in support and in opposition to the pending motions, as well as the remainder of

REPORT AND RECOMMENDATION
PAGE -1

the record, the Court recommends that defendants' motion for summary judgment be granted and this case dismissed, and that plaintiff's request to waive remaining filing fees be denied.

## BACKGROUND AND DISCUSSION

Plaintiff claims that defendants failed to protect him from an assault by another inmate that occurred on September 13, 2007. Defendants argue that plaintiff failed to exhaust his administrative remedies and failed to state a claim, that they did not personally participate in any constitutional deprivation of plaintiff and that they are entitled to qualified immunity. The Court need address only the argument that plaintiff failed to exhaust his administrative remedies.[1]

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23. The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). Here, for the reasons described below, the Court recommends that defendants' motion for summary judgment be granted and this matter dismissed due to plaintiff's failure to exhaust his administrative remedies.

---

[1] Because the Court addresses herein only the issue of exhaustion, it also need not address plaintiff's request to strike deposition excerpts submitted by defendants given that those excerpts are not relevant to the issue of exhaustion.

As stated by the Prison Litigation Reform Act (PLRA): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also Jones v. Bock*, 549 U.S. 199, 211-12 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") The PLRA does not define "prison conditions," but the Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

As found by the United States Supreme Court in *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006), exhaustion under the PLRA must be "proper." In order to properly exhaust, a prisoner must comply with a prison's grievance procedures. *Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90-91. This includes "compliance with [a prison's] deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. *Accord Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (proper exhaustion "means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue.")

The Washington Offender Grievance Program (OGP) consists of four levels of review: (1) informal written complaint; (2) formal and emergency grievances; (3) appeal; and (4) second appeal. (Dkt. 38, Ex. 2, ¶ 6.) An initial complaint must be filed within twenty days of

the incident and appeals must be filed within five days of receiving the response at the initial level. (*Id*., ¶ 7.)

Here, plaintiff filed a grievance on September 23, 2007. (*Id*., ¶ 8 & Attach. B.) He mentioned the September 13, 2007 assault in the grievance, but did not assert that anyone at WSR failed to prevent the assault. (*Id*.) Instead, he complained about medical care received after the assault. (*Id*.) The grievance coordinator at WSR placed plaintiff on the "call out sheet" twice to allow plaintiff the opportunity to either resolve or formalize the grievance. (*Id*.) Plaintiff failed to appear on both occasions, resulting in the withdrawal of the grievance. (*Id*.)

Plaintiff filed another grievance on March 24, 2008. (*Id*., ¶ 9 & Attach. C.) Again, while plaintiff mentioned the assault, he limited his complaint to issues of medical care, particularly mental health care. (*Id*.) A grievance coordinator responded to the grievance by stating that plaintiff had exceeded the time frame to file a grievance with respect to the assault and directing plaintiff as to the procedure to obtain mental health services. (*Id*.)

Defendants attest that there are no other grievances from plaintiff relating to the assault or alleging a failure to protect. (*Id*., ¶10.) Plaintiff contends in his second amended complaint that he "used the kite, grievance procedure . . . to try and solve the problem[,]" and that "[t]he grievance that was filed in October 2007 was denied because [he] miss[ed] the time frame to file a[n] appeal." (Dkt. 13 at 6.)

Noting that neither of the relevant grievances addressed plaintiff's failure to protect claim, that one of the grievances was administratively withdrawn due to plaintiff's failure to appear, and that the other grievance far exceeded the time frame for filing a grievance (Dkt. 38,

REPORT AND RECOMMENDATION
PAGE -4

Ex. 2, ¶¶ 8-10, Attachs. B & C), defendants assert that plaintiff failed to properly exhaust his administrative remedies. Plaintiff has not offered any argument in response (*see* Dkt. 39), and the Court is aware of none. Plaintiff's attempts to exhaust his administrative remedies were not complete or otherwise proper and he is barred, under *Woodford* and 42 U.S.C. § 1997e(a), from litigating this matter any further in federal court.

As noted above, plaintiff also requests that the remaining court filing fees in this case be waived. He bases this request on his indigent status and the defendants' dispositive motion. (*See* Dkt. 41.) However, pursuant to 28 U.S.C. § 1915(b)(1), a prisoner who brings a civil action "is required to pay the full amount of a filing fee." Plaintiff fails to provide any reason justifying the waiver of his filing fee. Moreover, the record makes clear that plaintiff consented to the collection of payments from his inmate account. On page three of his *in forma pauperis* application, plaintiff acknowledges his responsibility to pay the full $350.00 filing fee, and authorizes the agency having custody of him to collect that fee. (Dkt. 4 at 3.) Plaintiff's objection to the continued collection of the filing fee for this action is, therefore, without merit.

## CONCLUSION

For the reasons described above, defendants' motion for summary judgment should be GRANTED and this matter DISMISSED, and plaintiff's motion to waive the remaining filing fees should be DENIED. A proposed order accompanies this Report and Recommendation.

DATED this 28th day of April, 2009.

s/ Mary Alice Theiler
United States Magistrate Judge